```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
          vs.                   )   Criminal No. 07-163
                                )
RAY KELLY,                      )
                                )
          Defendant/petitioner. )
```

O R D E R

AND NOW, this 30th day of December, 2009, upon consideration of Petitioner's <u>pro se</u> "Motion to Adjust Sentence Pursuant to 18 U.S.C. §§3584, 3585" (Document No. 158) filed in the above captioned matter on December 7, 2009,

IT IS HEREBY ORDERED that said Motion is DENIED.

The Court first notes that neither Section 3584 nor Section 3585 of Title 18 of the United States Code provides jurisdiction for the Court to "adjust" a sentence. Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3582(c)(1)(B) permit the Court to correct a sentence that resulted from arithmetical, technical, or other clear error, but such a correction must be made within seven days of sentencing. Rule 36 permits the Court to correct a clerical error at any time. It is not clear that what Petitioner is asking the Court to do fits within the scope of either of these rules, but, even assuming the Court has jurisdiction to entertain Petitioner's request, the Court finds that the request has no merit.

Petitioner argues that the Court failed to adjust his sentence pursuant to USSG § 5G1.3(b). He states that "the record is devoid of any reference to this 'adjustment' the [C]ourt could have made." However,

1

Petitioner overlooks the fact that his counsel argued that Section 5G1.3(b) applies in objecting to the Presentence Investigation Report ("PIR") prepared by the Probation Officer. The Court rejected this argument in its Tentative Findings and Rulings Concerning Disputed Facts or Factors issued on April 10, 2008 (Document No. 135), and, instead, agreed with the Government that Section 5G1.3(a) applies.

Section 5G1.3 provides:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of

>     imprisonment to achieve a reasonable punishment for
>     the instant offense.

As the Court explained in the Tentative Findings, Petitioner's conduct in this case continued during his imprisonment at Case No. IP 04-106-CR-02. See PIR ¶¶ 10-21. As such, he committed the offense conduct while serving a term of imprisonment.[1] Whether Petitioner's prior term of imprisonment resulted from another offense that was relevant conduct to the instant offense of conviction is not an issue as to subsection (a), only as to subsection (b). Subsection (b) only applies when subsection (a) does not. See United States v. Benzig, 230 Fed. Appx. 623, 626 (7th Cir. 2007). Since subsection (a) does apply in Petitioner's case, it was the governing guideline regarding a consecutive or concurrent sentence, and it recommended a consecutive sentence. As such, the adjustment which Petitioner seeks in his present motion is not warranted, as the Court ruled prior to his sentencing.

Nonetheless, as the Court explained, this guideline recommendation was not binding, and the Court still had discretion pursuant to 18 U.S.C. § 3584 to impose Petitioner's sentence in this case to run consecutive to or concurrent with the sentence at Case No. IP 04-106-CR-02. The Court did, in fact, vary from the guideline recommendation that the Court impose his sentence to run consecutive to his prior sentence and, instead, imposed Petitioner's sentence in this case to run concurrent with his sentence at Case No. IP 04-106-CR-02. However, in so doing, the Court did not change its ruling that USSG § 5G1.3(b) was not

---

[1] There is no requirement that a defendant have committed all conduct that was part of the conspiracy while imprisoned for another offense for subsection (a) to apply. See United States v. Jones, 195 F.3d 379, 383 (8th Cir. 1999).

3

applicable here. Accordingly, the Court had no basis, and no intention, to adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment at Case No. IP 04-106-CR-02 pursuant to Section 5G1.3(b).

The Court notes that Petitioner addressed a letter to the Court dated November 1, 2009, raising a similar concern that the Court had misstated the nature of his sentence and asking the Court to clarify that the Court intended for his sentence in this case to be deemed to have commenced on September 16, 2005, the date on which he began to serve his sentence at Case No. IP 04-106-CR-02. The Court advised Petitioner in its November 30, 2009 response to that letter that, while the Court did impose his sentence in this case to run concurrent with his sentence in Case No. IP 04-106-CR-02, his sentence in this case was to commence on the date of sentencing, April 17, 2008, not on September 16, 2005. The Court further advised Petitioner, as it had at the time of his sentencing, that it is the Bureau of Prisons, and not the Court, that determines what credit can be awarded for prior detention under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329 (1992); United States v. Jones, 74 Fed. Appx. 180 (3d Cir. 2003).

Accordingly, the Court did not error in "failing" to adjust Petitioner's sentence pursuant to Section 5G1.3(b). The Court found such an adjustment to be unwarranted under the Guidelines and did not alter this finding at Petitioner's sentencing. It merely varied from the Guidelines to Petitioner's benefit in imposing his sentence to run concurrent with his prior sentence rather than consecutive. The sentence

commenced on the date of sentencing. The calculation of this sentence is left to the Bureau of Prisons. Therefore, Petitioner's motion is denied.[2]

                                            <u>s/Alan N. Bloch</u>
                                            United States District Judge

ecf:       Counsel of record

cc:        Ray Kelly
             #94266-011
             FCI-Lompoc
             3600 Guard Road
             Lompac, CA 93436

---

[2] While not directly pertinent to the issues addressed here, the Court notes that Petitioner mischaracterizes the Court's Tentative Findings in stating that the Court "concluded that without the 7 kilograms of cocaine from the [I]ndiana conspiracy there would be no evidence of drugs." What the Court found was that the quantity of cocaine attributable to Petitioner in this case was based solely on the supposed agreement between the parties and that, absent this agreement, there would be no evidence of quantity. The Court therefore noted that if the Government wanted to refute the agreement as understood by the Probation Officer and Petitioner, it would have to come forward with independent evidence that would establish a quantity of controlled substances absent any cocaine attributable to Petitioner in the other case.