IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 07-163 |
| ) | |
| RAY KELLY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 20th day of June, 2012, upon consideration of Defendant's "Motion for Reconsideration" (Doc. No. 187) filed in the above captioned matter on June 18, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED.

Notwithstanding the fact that the Court has on numerous occasions informed Defendant that it lacks authority to determine the issue of prior custody credit and although the Court has advised that such authority lies with the Bureau of Prisons, see United States v. Wilson, 503 U.S. 329 (1992), Defendant seeks for this Court to reconsider its May 31, 2012, Order, denying his motion to award him credit for the time he spent detained between May 24, 2007, and April 18, 2008. Defendant alleges that he has exhausted his administrative remedies and that this matter is thus properly before this Court. Defendant's contention is misplaced.

As an initial matter, the Court notes that the issue of whether Defendant is entitled to prior custody credit for the time he spent detained in the Western District of Pennsylvania while awaiting his sentence is a matter which relates to the execution, and not the

1

validity of his sentence. See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981). It is well-established that issues regarding the execution of a defendant's sentence are properly raised in a habeas petition pursuant to 28 U.S.C. § 2241. See Grimes, 641 F.2d at 99; see also Coady V. Vaughn, 251 F.3d 480, 485 (3d Cir. 1981). Section 2241 petitions are required to be brought in the district where the defendant is confined. See Jennings v. Holt, 326 Fed. Appx. 628, 630 (3d Cir. 2009).

Here, the Defendant is housed in the Central District of California and already has filed a Section 2241 petition with the United States District Court for the Central District of California, which was dismissed with prejudice on March 2, 2012. See Case No. 11-cv-04404-GW (Doc. No. 13). The Defendant's motion urges this Court to reevaluate an issue that was considered and rejected by United States District Court Judge George H. Wu in the Central District of California.[1] As such, this Court is not required and is unwilling to reconsider an issue that already has been disposed of by another District Court.[2] See United States v.

---

[1] District Court Judge George H. Wu adopted the Findings and Recommendations of the United States Magistrate Judge which declared that the petition should be dismissed for a number of reasons. The Report and Recommendation stated, among other things, that petitioner's argument contravenes the plain language of 18 U.S.C. § 3585(b) which authorizes the award of prior custody credit so long as the time spent in detention **"has not been credited against another sentence."** 18 U.S.C. § 3585(b) (emphasis added).

[2] The Court notes that even if the Defendant had filed a Section 2241 petition with this Court regarding the issue of whether the Bureau of Prisons correctly computed his sentence, and even if this Court was willing to entertain such a petition, this Court is without jurisdiction to hear any challenges regarding this issue because Defendant is not confined in the Western District of Pennsylvania. See Holt, 326 Fed. Appx. at 630.

Stackpole, 406 Fed. Appx. 586, 587 (3d Cir. 2011). Accordingly, the Defendant's Motion for Reconsideration is denied.[3]

s/Alan N. Bloch<br>United States District Judge

ecf:   Counsel of record

cc:    Ray Kelly, #94266-011
       FCI Lompoc
       3600 Guard Road
       Lompoc, CA  93436

---

[3] Without delving into the merits of Defendant's motion, the Court notes that the Defendant misunderstands and misinterprets the Court's statement at his sentencing hearing that he would receive credit for any time spent detained while awaiting his sentence. As the Court explained in a letter dated June 17, 2010 (Doc. No. 185-2), it is the Bureau of Prisons that decides what portion, if any, of the time Defendant spent in detention is credited towards this case. The Court further notes that Defendant is in fact receiving credit for the time he spent detained in the Western District of Pennsylvania, but he is receiving this credit against his 70-month sentence imposed in the United States District Court for the Southern District of Indiana. Defendant has been advised by several different parties that he was considered to be serving his Indiana sentence while he was detained in the Western District of Pennsylvania from May 24, 2007 to April 18, 2008, the date of his sentencing in this case. Indeed, "a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000). The fact that the Defendant takes issue with this arrangement does not provide him with a legally cognizable claim. For the sake of clarity, this Court never had any intention to adjust his sentence in order to account for any period of imprisonment he had already served on his Indiana sentence. The Court has explained this to Defendant in its Tentative Findings as well as its December 30, 2009, Order, and although the Court ran its sentence concurrent to his Indiana sentence, it did so pursuant to its discretion under 18 U.S.C. 3584, and not because it sought to award Defendant any credit for time previously served in relation to his 2005 Conviction in the Southern District of Indiana.